[Cite as *State ex rel. Everhart v. Indus. Comm.*, 2016-Ohio-8017.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Stacy M. Everhart, | : | |
| Relator, | : | |
| v. | : | No. 15AP-1020 |
| Industrial Commission of Ohio and Delaware, [ODOT] Mail Stop 1520, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on December 6, 2016

**On brief:** *Jon Goodman Law, LLC,* and *Jon H. Goodman,* for relator.

**On brief:** *Michael DeWine,* Attorney General, and *Kevin J. Reis,* for respondent Industrial Commission of Ohio.

**On brief:** *Isaac, Wiles, Burkholder & Teetor, LLC,* and *Brandon L. Abshier,* for respondent Delaware, ODOT Mail Stop 1520.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

KLATT, J.

{¶ 1} Relator, Stacy M. Everhart, commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying a May 8, 2015 C-9 request for approval of an MRI, and to enter an order granting the C-9 request.

{¶ 2}   Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto.  The magistrate found that some evidence (Dr. Graham's report) supported the commission's determination that the MRI requested in the C-9 was not medically necessary for the treatment of the allowed claims.  In addition, the magistrate found that relator failed to show by clear and convincing evidence that she sought approval of the MRI to obtain a more specific diagnosis in an allowed claim.  Therefore, the magistrate has recommended that we deny relator's request for a writ of mandamus.

{¶ 3}   Relator has filed objections to the magistrate's decision.   In her first objection, relator argues that the magistrate erred by failing to consider the June 5, 2015 C-11 form of Dr. Writesel.  We disagree.

{¶ 4}   Although the magistrate did not expressly reference the C-11 form of Dr. Writesel in his decision, he was clearly aware of it because he notes in his findings of fact that relator appealed the initial denial of relator's C-9 request.   That appeal was effectuated through the C-11 form.  Therefore, the magistrate was clearly aware of Dr. Writesel's C-11 form.

{¶ 5}   To the extent relator is arguing that the magistrate erred by failing to find that the C-11 form was clear and convincing evidence that relator sought the MRI to explore a more specific diagnosis in an allowed claim, we also disagree.  Nothing in the C-11 form clearly indicates that this was the purpose of the MRI.

{¶ 6}   For these reasons, we overrule relator's first objection.

{¶ 7}   In her second objection, relator argues that the magistrate should have found that the commission failed to apply the correct legal standard to the issue before it.  Essentially, relator again contends that the commission should have interpreted relator's administrative filings as requests for an MRI to explore a more specific diagnosis in an allowed claim and should have evaluated the request on that basis.  Again, we disagree.

{¶ 8}   As noted by the magistrate, relator failed to clearly and convincingly demonstrate that she sought the MRI to explore a more specific diagnosis in an allowed claim, rather than for purposes of treatment of an allowed condition.  Therefore, we agree with the magistrate that the commission evaluated relator's request on the basis set forth

in relator's filings. Those filings indicate that the MRI was sought for purposes of treatment. We perceive no error in the magistrate's analysis. Therefore, we overrule relator's second objection.

{¶ 9} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny relator's request for a writ of mandamus.

*Objections overruled; writ of mandamus denied.*

BROWN and SADLER, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Stacy M. Everhart, | : | |
| Relator, | : | |
| v. | : | No. 15AP-1020 |
| Industrial Commission of Ohio and Delaware, [ODOT] Mail Stop 1520, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on June 6, 2016

*Jon Goodman Law, LLC,* and *Jon H. Goodman,* for relator.

*Michael DeWine,* Attorney General, and *Kevin J. Reis,* for respondent Industrial Commission of Ohio.

*Isaac, Wiles, Burkholder & Teetor, LLC,* and *Brandon L. Abshier,* for respondent Delaware, ODOT Mail Stop 1520.

IN MANDAMUS

{¶ 10} In this original action, relator, Stacy M. Everhart, requests a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying a May 8, 2015 C-9 request for approval of an MRI, and to enter an order granting the C-9.

Findings of Fact:

{¶ 11} 1. On February 11, 2012, relator sustained an industrial injury while employed as a snow plow operator for respondent, Ohio Department of Transportation

("ODOT"). On that date, the snow plow she was operating slid on ice and spun off the road into a ditch.

{¶ 12} 2. On February 29, 2012, the Ohio Bureau of Workers' Compensation ("bureau") mailed an order allowing the claim (No. 12-307108). The claim is allowed for sacroiliac and lumbosacral sprains, and for several conditions relating to the right elbow.

{¶ 13} 3. On December 14, 2012, relator underwent right elbow surgery performed by Hisham M. Awan, M.D.

{¶ 14} 4. On February 26, 2014, relator underwent another right elbow surgery performed by Dr. Awan.

{¶ 15} 5. On May 1, 2014, at the bureau's request, relator was examined by Dean W. Erickson, M.D. In his seven-page narrative report, Dr. Erickson states:

> Examination of the lumbar spine reveals no postural abnormalities. She has moderate tenderness in the paralumbar muscles on the right associated with guarding, but no real spasm. She has S1 joint tenderness but no sciatic notch tenderness. She has mild discomfort with facet compression, right greater than left.

{¶ 16} 6. On July 18, 2014, relator came under the care of Kenneth Writesel, D.O., at Occupational Health Services.

{¶ 17} 7. On February 13, 2015, relator was examined by Dr. Writesel. In his hand-written office notes, Dr. Writesel notes sacroiliac joint tenderness with spasm and reduced range of motion.

{¶ 18} 8. On February 13, 2015, Dr. Writesel completed bureau form C-9. On the C-9, Dr. Writesel requests a pain management consult and possible sacroiliac joint injection.

{¶ 19} 9. On April 13, 2015, at the bureau's request, relator was examined by Steven A. Cremer, M.D., at North Star Orthpaedics. In his seven-page narrative report, Dr. Cremer states:

> This individual is not at maximum medical improvement. Further follow up with orthopedics is anticipated to see if anything else can be offered and surgery is being considered again in the forearm. There is persistent left sacroiliac pain and injection should be considered as well as spine surgery

consultation. For these reasons this individual is not at maximum medical improvement.

{¶ 20} 10. On May 8, 2015, relator was examined by Dr. Writesel. On that date, Dr. Writesel completed a C-9 requesting "MRI to Evaluate [sacroiliac] sprain, [lumbosacral] sprain." On the C-9, Dr. Writesel wrote: "See North Star Ortho IME."

{¶ 21} 11. In response to the C-9, the managed care organization ("MCO") obtained a file review report from Timothy Graham, M.D., dated May 21, 2015. Dr. Graham wrote:

> [AOR] is appealing the MCO denial of C9 dated 5/8/15 requesting MRI to evaluate sacroiliac (SI) sprain and lumbosacral (LS) sprain beginning 5/8/15 through 5/30/15 as requested by Kenneth Writesel, DO. This Injury occurred well over 3 years ago when the IW was plowing snow and his [sic] truck slid off the road. The IW followed up at Occupational Health Services on 5/8/15. The provider of this office visit is unclear as the signature is not legible and the service has not yet been billed. The C-9 was submitted under Dr. Writesel's name. The IW presented complaining of pain in his [sic] right elbow, left low back, and left leg. Exam showed decreased lumbar lordosis with spasm to the left lumbosacral and sacroiliac region as well as the left sciatic notch. Straight leg raise was noted to be positive on the left at 25°. There was decreased sensation to the left lateral calf, and decreased range of motion to all planes in the lumbosacral region. The provider recommended an MRI of the low back to evaluate the allowed sacroiliac and lumbosacral sprains. Per Official Disability Guidelines (ODD), the requested MRI may be appropriate; however there are no claim allowances to support the request. With regard to the low back, this claim is allowed for sprains of the lumbosacral and sacroiliac regions. Sprains are self-limiting soft tissue injuries, which resolve naturally over the course of several weeks. Medical necessity for ongoing treatment of sprains at more than 3 years post injury is not established. The treating provider has not provided sufficient supportive medical documentation to relate the IW's current low back symptoms and the requested MRI to the allowed conditions in this claim, which would have long since resolved. The request is being directed toward the evaluation of non-allowed pathology to the lumbosacral and sacroiliac region rather than the allowed conditions in this claim. Therefore it is my recommendation that the request remain denied.

{¶ 22} 12. On May 26, 2015, the bureau issued an order denying the May 8, 2015 C-9 request for an MRI. The bureau order explains:

> Requested medical services are not reasonably related to, nor necessary for treatment of the injury, per physician review of Timothy Graham, M.D. dated 5/21/15. Injured Worker (IW) followed up at Occupational Health Services on 5/8/15. C-9 was submitted under Dr. Writesel's name. IW presented complaining of pain in his right elbow, left low back, and left leg. Exam showed decreased lumbar lordosis with spasm to the left lumbosacral and sacroiliac region as well as the left sciatic notch. The provider recommended an MRI of the low back to evaluate the allowed sacroiliac and lumbosacral sprains. Per ODG, requested MRI may be appropriate, however there are no claim allowances to support the request. The treating provider has not provided sufficient supportive medical documentation to relate the Injured Worker's current low back symptoms and the requested MRI to the allowed conditions in this claim, which would have long since resolved. Request is being directed toward the evaluation of non-allowed pathology to the lumbosacral and sacroiliac region rather than the allowed conditions in this claim. Therefore, request remains denied.

{¶ 23} 13. Relator administratively appealed the May 26, 2015 bureau order.

{¶ 24} 14. Following a June 15, 2015 hearing, a staff hearing officer ("SHO") granted the February 13, 2015 C-9 request for a pain management consult. The SHO did not rule on the sacroiliac injection because it was not specifically requested. The SHO's order of June 15, 2015 states reliance upon the April 13, 2015 report of Dr. Cremer, as well as the February 13, 2015 treatment record of Dr. Writesel.

{¶ 25} 15. Following a July 20, 2015 hearing, a district hearing officer ("DHO") issued an order that vacates the May 26, 2015 bureau order and grants the MRI. The employer administratively appealed the DHO's order of July 20, 2015.

{¶ 26} 16. Following a September 2, 2015 hearing, an SHO issued an order that vacates the DHO's order of July 20, 2015 and denies the request for an MRI. The SHO's order explains:

> Authorization is denied for an MRI to evaluate the sacroiliac sprain and lumbosacral sprain conditions, as requested by Kenneth Writesel, D.O. The Staff Hearing Officer finds that the Injured Worker has not met her [sic] burden of proving that the requested diagnostic testing at issue is medically

necessary, reasonable, and appropriate for the treatment of
the allowed low back soft tissue conditions currently allowed
in this 02/11/2012 industrial injury claim. The Staff Hearing
Officer relies upon the medical report of Timothy Graham,
M.D., dated 05/21/2015.

{¶ 27} 17. On September 24, 2015, another SHO mailed an order refusing relator's appeal from the SHO's order of September 2, 2015.

{¶ 28} 18. On November 6, 2015, relator, Stacy M. Everhart, filed this mandamus action.

Conclusions of Law:

{¶ 29} Ohio Adm.Code 4123-6-31 is captioned "Payment for miscellaneous medical services and supplies." Thereunder, Ohio Adm.Code 4123-6-31(F) is captioned "X-rays." Thereunder, Ohio Adm.Code 4123-6-31(F) provides:

Payment for x-ray examinations (including CT, MRI, and
discogram) shall be made when medical evidence shows that
the examination is medically necessary whether for the
treatment of an allowed injury or occupational disease, or for
diagnostic purposes to pursue more specific diagnoses in an
allowed claim.

{¶ 30} On the May 8, 2015 C-9, Dr. Writesel requested "MRI to Evaluate [sacroiliac] sprain, [lumbosacral] sprain." There is reference to "North Star Ortho IME," which is an apparent reference to the April 13, 2015 report of Dr. Cremer. Nowhere in his five-page narrative report does Dr. Cremer indicate that an MRI should be authorized.

{¶ 31} As earlier noted, the May 8, 2015 C-9 prompted the bureau to obtain a file review from Dr. Graham. As relator points out, Dr. Graham did not address the medical necessity of conducting an MRI for diagnostic purposes to pursue more specific diagnoses in an allowed claim. That is to say, Dr. Graham did not address the question of whether an MRI was reasonably necessary to determine whether other conditions exist that might be allowed.

{¶ 32} Rather, Dr. Graham determined that an MRI was not medically necessary for the treatment of the allowed conditions, i.e., the sacroiliac and lumbosacral sprains. Dr. Graham's report and opinion is solely focused on the allowed conditions. In fact, Dr. Graham recommended denial of the request for an MRI because the request is directed

"toward the evaluation of non-allowed pathology to the lumbosacral and sacroiliac region."

{¶ 33} Relying upon the report of Dr. Graham, the SHO's order of September 2, 2015 finds that relator failed to meet her burden of proving that the requested MRI at issue "is medically necessary, reasonable, and appropriate for the treatment of the allowed low back soft tissue conditions currently allowed." The SHO's order of September 2, 2015 does not address the question of whether an MRI is medically necessary to determine the existence of other conditions that might be allowed in the claim.

{¶ 34} Here, relator asserts that the commission abused its discretion in failing to address the question of whether an MRI is medically necessary to determine the existence of other conditions that might be allowed in the claim.

{¶ 35} The magistrate disagrees with relator's assertion that the commission abused its discretion.

{¶ 36} To begin, it can be noted that, in *State ex rel. Jackson Tube Servs., Inc. v. Indus. Comm.,* 99 Ohio St.3d 1, 2003-Ohio-2259, the Supreme Court of Ohio recognized the problem of the claimant not knowing what conditions to seek additional allowance for without first undergoing surgery to obtain the diagnosis that could be the basis for an additional claim allowance.  In *Jackson,* the court upheld the surgical authorization.

{¶ 37} It can be argued that Ohio Adm.Code 4123-6-31(F) applies the *Jackson* rationale to an MRI request.

{¶ 38} In mandamus, the relator must prove his or her entitlement to the writ by clear and convincing evidence.  *State ex rel. Doner v. Zody,* 130 Ohio St.3d 446, 2011-Ohio-6117; *see State ex rel. Stevens v. Indus. Comm.,* 10th Dist. No. 10AP-1147, 2012-Ohio-4408.

{¶ 39} Here, relator has failed to show by clear and convincing evidence that she timely raised the issue before the bureau and the commission's hearing officers.  Clearly, the issue was not raised in the May 8, 2015 C-9 of Dr. Writesel or the report of Dr. Cremer that is referenced in the C-9.  There is no indication in the C-9 or the report of Dr. Cremer that relator requests the MRI in order to show the existence of other conditions in the sacroiliac and lumbosacral areas that might have been proximately caused by the

industrial injury.  Also, relator failed to submit a medical report of her own that would support such a request.

{¶ 40} That the claim file may contain medical evidence of relator's complaints regarding her sacroiliac and lumbosacral areas over the years since her industrial injury did not compel the commission to conclude that relator was seeking an MRI to show other medical conditions in those areas that might be proximately caused by the industrial injury.

{¶ 41} Thus, the magistrate concludes that relator has failed to prove her entitlement to the writ by clear and convincing evidence.  That is, relator has failed to show that the issue she endeavors to raise here was administratively raised before the commission or the bureau.  *Stevens.*

{¶ 42} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).